No. 41101.—Protests 840567–G (B), etc., of Calvaire, Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated that certain items consist of rectangular glass cigarette boxes. The claim as smokers' articles at 50 percent. under paragraph 1552 was sustained as to these items. Square glass boxes, hand blown in the mold and hand decorated, designed for and used as containers of talcum powder were held dutiable at 60 percent under paragraph 218 (f). The protests making these claims were sustained.

No. 41102.—Protests 767535–G, etc., of F. W. Woolworth Co. (Boston).

Opinion by SULLIVAN, J. It was stipulated that the wood bases are similar to those the subject of Kwong v. United States (T. D. 49409). They were therefore held dutiable separately at 33⅓ percent under paragraph 412.

No. 41103.—Protests 755065–G, etc., of I. Strauss & Co. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of Kwong v. United States (T. D. 49409) the wooden stands in question were held dutiable at 33⅓ percent under paragraph 412 as claimed.

No. 41104.—Protest 837817–G of Ignaz Strauss & Co. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of Kwong v. United States (T. D. 49409) the wooden stands in question were held dutiable at 33⅓ percent under paragraph 412 as claimed.

No. 41105.—Protest 867733–G of F. W. Woolworth Co. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of Abstract 37636 the wooden cabinets in question were held dutiable at 33⅓ percent under paragraph 412 as claimed.

No. 41106.—Protests 908747–G, etc., of Blefeld & Goodfriend, Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated the merchandise consists of mirrors similar to those the subject of Blefeld-Goodfriend v. United States (C. D. 7). The claim at 50 percent under paragraph 230 (b) was therefore sustained.

No. 41107.—Protest 962573–G of N. Minami & Co., Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of bells in chief value of metal foil the same as those the subject of Kresge v. United States (25 C. C. P. A. 1, T. D. 48975). The claim at 45 percent under paragraph 397 was therefore sustained.